IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| QUINTESSA, LLC, | § § § | |
| Petitioner, | § | |
| v. | § § | No. CIV-24-945-R |
| JT LEGAL GROUP, APC, | § § | |
| Respondent. | § § § | |

**APPLICATION TO CONFIRM ARBITRATION AWARD, MOTION TO FILE APPENDIX AND FINAL AWARD UNDER SEAL, AND ENTER JUDGMENT**

Petitioner Quintessa, LLC ("Petitioner" or "Quintessa") files this *Application to Confirm Arbitration Award, Motion to File Appendix and Final Award Under Seal, and Enter Judgment*, showing as follows:

### I. SUMMARY

1. Pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, Quintessa moves this Court to enter judgment confirming the *Final Award* dated August 16, 2024 (the "Award"), issued by Hunter T. McLean, esq. ("Arbitrator"), in the arbitration captioned *Quintessa, LLC v. JT Legal Group, APC*, AAA Arbitration No. 01-23-0002-8677. Furthermore, pursuant to LCvR 5.2.2, due to the confidential nature of the arbitration pursuant to the parties' agreement, Quintessa respectfully requests the Court allow for the Appendix to this Application, including the Final Award, be filed under seal.

## II. PARTIES

2. Petitioner Quintessa is a limited liability company organized under the laws of Oklahoma maintaining its principal place of business at 3401 NW 63rd Street, Suite 300, Oklahoma City, Oklahoma 73116.

3. Respondent JT Legal Group, APC is a California professional corporation maintaining its principal place of business at 801 N. Brand Blvd. Suite 1130, Glendale, CA 91203. Respondent may be served through its registered agent, Ara Babaian, 1100 Wilshire Blvd., Suite 3305, Los Angeles, California 90017 or wherever it may be found.

## III. VENUE AND JURISDICTION

4. This Court has subject matter jurisdiction over this dispute based upon diversity of citizenship. *See* 28 U.S.C. § 1332(a). At the time this action was filed, and continuing to the present, Respondent is a citizen of California. At the time this action was filed, and continuing to the present, Quintessa is a citizen of Oklahoma. The amount in controversy exceeds $75,000. As diversity jurisdiction exists, this Court has jurisdiction to confirm this arbitration award under Section 9 of the Federal Arbitration Act. 9 U.S.C. § 9; *see also Badgerow v. Walters*, 142 S. Ct. 1310, 1316 (2022).

5. This Court has personal jurisdiction over Respondent because it entered into the Lead Purchase Agreement effective as of February 20, 2023 (the "LPA") with Quintessa in Oklahoma, and the LPA specifies that Oklahoma Law applies. App. pp. 5-6 § 3.13. Moreover, while for convenience the parties agreed that the final hearing would occur in Dallas, Texas, the arbitration proceeding resulting in the Award formally occurred in Oklahoma City, Oklahoma, pursuant to the LPA. *See id.* Moreover, the parties (including Respondent) consented to personal jurisdiction in Oklahoma for any dispute arising out of the LPA. App. p. 6 § 3.15.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, and pursuant to 1391(b)(3) because Respondent is subject to the Court's personal jurisdiction.

### IV. FACTUAL AND PROCEDURAL BACKGROUND

7. Pursuant to the LPA, Quintessa submitted its Demand for Arbitration to AAA on June 23, 2023. *See* App. pp. 8-26.

8. Section 3.14 of the LPA, titled "Arbitration," provided the basis for arbitration, which all parties consented to. App. pp. 5-6 § 3.14.

9. The parties submitted their dispute to AAA arbitration before Hunter T. McLean, esq. Quintessa filed an Amended Demand for Arbitration on October 25, 2023 and a Second Amended Demand for Arbitration on January 19, 2024. App. pp. 27-46. Respondent filed a Statement of Counterclaim on February 2, 2024, and an Amended Statement of Counterclaim on March 29, 2024. App. pp. 47-88. Respondent filed an Answer to the Second Amended Demand on April 6, 2024. App. pp. 89-92. The parties and Arbitrator attended a Scheduling Conference call on December 18, 2023, and entered into the Scheduling Order. *See* App. pp. 93-95. The parties conducted written and oral discovery. The parties exchanged thousands of pages of documents and hundreds of hours audio recordings and took several depositions. The final hearing was set for June 10-13, 2024.

10. The Final Hearing was held before Arbitrator McLean in Fort Worth, Texas by agreement of the parties for the sake of convenience of the Arbitrator, at Arbitrator McLean's office on June 10-13, 2024. Near the conclusion of the hearing, the parties and Arbitrator agreed and entered into a post-hearing briefing schedule that addressed both merits briefing and attorneys' fees.

11. On August 16, 2024, Arbitrator McLean issued the Award. *See* App. pp. 96-126. The Award held that Respondent breached the LPA and that Quintessa was entitled to damages. App. p. 126.

12. The Arbitrator further held that the Award disposed of all claims and disputes and any relief not expressly granted was denied. App. p. 126.

13. This Application is timely. There are no grounds to vacate, modify, or correct the Award.

14. Quintessa respectfully requests this Court to confirm the Award pursuant to 9 U.S.C. § 9 and to sign and enter a Final Judgment in accordance with the Award.

## V.   ARGUMENT & AUTHORITIES

A motion to confirm an arbitration award may be brought in any district court proper under the general venue statute. *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 201 (2000). Venue is proper pursuant to 28 U.S.C. § 1391 because the LPA contemplated all disputes would be settled under Oklahoma law and in Oklahoma courts. *See* App. p. 5 § 3.13; 9 U.S.C. § 9.

Upon application of a party to an arbitration for an order confirming an arbitration award, a court must grant such an order unless grounds exist to vacate, modify, or correct its terms. 9 U.S.C. § 9. Judicial review of an arbitration award is exceedingly deferential—the Tenth Circuit requires "maximum deference to the arbitrators' decisions." *THI of New Mex.at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1083 (10th Cir. 2017) (internal quotation marks omitted). Unless one of the statutory grounds to vacate, modify, or correct is present, the Court must confirm the award. *See id.* at. 1084. Accordingly, the Court should grant Quintessa's Application to Confirm the Arbitration Award and Enter Judgment in accordance with the Arbitrator's Final Award.

Furthermore, pursuant to LCvR 5.2.2, Quintessa respectfully requests the Court to file the Appendix to this Application under seal, which includes the Award and various other filings from the arbitration. The LPA provides that "[a]ll arbitration proceedings shall be confidential, except to the extent that disclosure is necessary to enforce an arbitration award in a court of competent jurisdiction."

App. p. 5 § 3.14. Quintessa respectfully requests that the arbitration proceedings and Award remain confidential and that the Court allow the Appendix to be filed and remain under seal.

## PRAYER

Quintessa respectfully requests the Court to cite Respondent to appear, and to grant Quintessa the following relief:

a. Grant Quintessa's *Application to Confirm Arbitration Award, Motion to File Appendix and Final Award Under Seal, and Enter Judgment* thereon;

b. Grant Quintessa's request to file the Appendix, including the Award, under seal;

c. Confirm the Arbitrator's Final Award and enter judgment against Respondent JT Legal Group, APC, in conformity therewith;

d. Pre-judgment interest accruing after the Final Award;

e. Post-judgment interest;

f. Costs of Court; and

g. any such other and further relief, at law and/or in equity, to which Quintessa may be justly entitled.

DATE: September 12, 2024               Respectfully submitted,

*/s/ Farsheed Fozouni*
Christopher J. Schwegmann, *pro hac vice* forthcoming
State Bar No. 24051315
Email: cschwegmann@lynnllp.com
Farsheed Fozouni
State Bar No. 24097705
Email: ffozouni@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

**ATTORNEYS FOR RESPONDENT QUINTESSA, LLC**